## Harris v. Clifford Motors, Inc.

*Peter T. O'Malley,* for plaintiff.
*Edmund J. Scacchitti* and *David Bianco,* for defendants.

MUNLEY, *J.*, May 23, 1980—This matter is before the court on plaintiff's motions for sanctions under Pa.R.C.P. 4019 and for a protective order under Pa.R.C.P. 4012(a).

Without going into an extensive discussion of the facts, these matters were precipitated when plaintiff attempted to subpoena the financial records of defendants in an effort to gather information in support of his claim for relief seeking punitive damages. Defendants appeared with counsel at the deposition but refused to produce any of the subpoenaed records. Subsequently, defendant Clifford Motors scheduled the taking of the deposition of a magistrate who presided over two hearings involving private criminal complaints prosecuted by defendants against plaintiff. These complaints, which were allegedly dismissed by the magistrate, form the basis for this action.[1]

## MOTION FOR SANCTIONS

The first issue is whether defendants' financial records may be subpoenaed in an effort to determine net worth for purposes of assessing punitive damages. We are of the opinion that the financial records are relevant to the question of punitive damages and are, therefore, discoverable; see generally 2 Pennsylvania Trial Guide (rev. ed.), §34.44 and cases therein cited, and especially Thomas v. E. G. Korvette, Inc., 329 F. Supp. 1163 (E.D. Pa. 1971).[2] We shall enter an appropriate order pursuant to plaintiff's motion.

1. Plaintiff seeks to recover for both malicious prosecution and malicious abuse of process.

2. Reversed on other grounds at 476 F. 2d 471 (1973).

## MOTION FOR PROTECTIVE ORDER

The second issue is whether the deposition of the presiding magistrate is proper and, if so, whether it would be burdensome to conduct it outside of Lackawanna County. Rule 4001(c) clearly states that, subject to the provisions of the chapter on discovery, any party may take the testimony of any person by deposition upon oral examination for the purpose of discovery, or for preparation of pleadings, or for preparation or trial of a case, or for use at a hearing upon petition, motion or rule, or for any combination of the foregoing purposes. The principal limitations on discovery are that the matter sought to be discovered is not privileged and is relevant to the subject matter involved in the pending action, Rule 4003.1, and that it does not come within the prohibitions of Rule 4011. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence, Rule 4003.1.

The cause of action alleges two intentional torts, both of which have malice as an integral element. We cannot say, on the present record, that the magistrate's testimony will not lead to the discovery of admissible evidence which will go to the issue of malice. The malice which is alleged is inferred from the filing of two criminal actions against plaintiff, notwithstanding his protestations of innocence, and the dismissal of both complaints. It is conceivable that the magistrate's testimony will be relevant in this regard, and that it will lead to the discovery of other admissible evidence. We know of no Pennsylvania or local rule which would make a magistrate an incompetent witness, see 42

Pa.C.S.A. §5931; 41 P.L.E., Witnesses, §29; 97 C.J.S., Witnesses §105; Jenkins, Pa. Trial Evid. §12.9. Further, counsel for defendant, at oral argument, indicated that the thrust of examination would be in regard to the administration and operation of the district justice's office and not in the area of malice. In any event, in conformity with the spirit of discovery, it is more appropriate for the court to direct the deposition to proceed reserving the right to police any improper matters.

Regarding the protective order, we simply observe that the magistrate's office, where the proposed deposition is to be taken, is located within the same county in which plaintiff resides. The principal complaint here is inconvenience to plaintiff's counsel in traveling to the magistrate's office, which is within convenient driving distance of his counsel's law offices in Scranton. We do not believe that taking the magistrate's deposition in her office, where her official court records are maintained and stored, is so burdensome or vexatious a requirement as warrants the imposition of a protective order. A lawyer who maintains a multi-county practice must be prepared to occasionally travel to those counties in pursuance of it.

## ORDER

Now, May 23, 1980, plaintiff's motion for sanctions under Rule 4019 is granted and defendants are directed to appear and produce the requested documents, if otherwise discoverable.

Plaintiff's motion for protective order is denied.

Further, all requests for counsel fees are denied.